**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quiana Ridges,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-00425-PHX-DWL<br><br>**ORDER** |

This is a Social Security appeal. On July 29, 2021, the Court referred the matter to Magistrate Judge Metcalf for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 15.) On March 4, 2022, Judge Metcalf issued an R&R concluding that the ALJ's decision should be affirmed. (Doc. 26.) Now pending before the Court are Plaintiff's objections to the R&R. (Doc. 27.) For the following reasons, Plaintiff's objections are overruled, the R&R is adopted, and the ALJ's decision is affirmed.

**DISCUSSION**

I.　Legal Standard

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.*

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

II. Analysis

In her opening brief, Plaintiff challenged the ALJ's decision on an array of different grounds. (Doc. 22 at 1.) In the 25-page R&R, Judge Metcalf painstakingly addressed all of Plaintiff's challenges before concluding that the ALJ's decision should be affirmed. (Doc. 26.) In her objections, Plaintiff addresses only one aspect of the R&R's analysis—the ALJ's evaluation of the opinions of Dr. Gowda. (Doc. 27.) Thus, Plaintiff has forfeited any challenge to the remainder of the R&R. *Thomas,* 474 U.S. at 149-50; *Reyna-Tapia*, 328 F.3d as 1121.

As for the objection related to Dr. Gowda, some background is in order. The ALJ determined that Plaintiff had severe impairments related to her knee, migraines, obesity,

depressive disorder, and post-traumatic stress disorder. (Doc. 26 at 2.) The medical source at issue, Dr. Gowda, is an internist who evaluated Plaintiff in December 2018. (Doc. 22 at 4.) In the statement of opinions, Dr. Gowda indicated that Plaintiff's diagnosis was "Knee Degenerative Joint Disease (Both) & Right Shoulder Arthralgia." (R. 799.) Dr. Gowda then went on to opine that Plaintiff would have various limitations related to standing, walking, sitting, lifting, carrying, reaching, handling, fingering, bending, twisting, stooping, climbing stairs, and climbing ladders as a result of these impairments. (*Id.* at 799-801.) Additionally, in response to a question asking whether Plaintiff would have any impairments related to "Extreme cold," "Extreme heat," "High humidity," "Fumes, odors, dusts, gases," "Perfumes," "Cigarette smoke," "Soldering [unintelligible]," "Solvents/cleaners," and/or "Chemicals," Dr. Gowda circled yes in response to most of the queries (all but "Extreme cold") and hand-wrote next to the circled answers "Triggers migraines." (*Id.* at 801.)

In the underlying decision, the ALJ concluded that Dr. Gowda's "opinions about [Plaintiff's] ability to stand and walk and the length of a break she would need after standing are not persuasive because they are not consistent with the medical evidence." (*Id.* at 48.) The ALJ did not, in contrast, explain whether he was persuaded by the statements in Dr. Gowda's report concerning the limitations that would arise from Plaintiff's migraines. (*Id.* at 48-49.)

One of the arguments raised in Plaintiff's opening brief is that "the ALJ erred in rejecting the opinion of Dr. Gowda." (Doc. 22 at 7-10, capitalization omitted.) The R&R's evaluation of this argument can be broken into four parts. First, the R&R concludes that the ALJ did not err in failing to consider Dr. Gowda's specialization or the length of Dr. Gowda's treatment relationship with Plaintiff because, under the new Social Security Administration regulations, an ALJ is not required to explicitly discuss such considerations. (Doc. 26 at 7-8.) Second, the R&R concludes that the ALJ did not err in discrediting Dr. Gowda's knee-related opinions because the ALJ identified permissible reasons for rejecting those opinions (lack of supportability and lack of consistency) and

those reasons are supported by substantial evidence. (*Id.* at 8-10.) Third, as for Dr. Gowda's migraine-related opinions, the R&R concludes that the ALJ must have "implicitly rejected" those opinions because they are not incorporated into Plaintiff's residual functional capacity ("RFC") and that the ALJ committed err in doing so because the ALJ provided no rationale for the implicit rejection. (*Id.* at 10-12.) Fourth, and finally, the R&R concludes that any error in rejecting Dr. Gowda's migraine-related opinions was harmless because the vocational expert testified that Plaintiff would have remained employable even if those opinions were incorporated into the RFC. (*Id.* at 12-15.)

In her objections, Plaintiff does not challenge the first three parts of the R&R's analysis pertaining to Dr. Gowda. (Doc. 27 at 1-2.) Instead, Plaintiff's sole argument is that the R&R's determination of harmless error was incorrect. (*Id.*) Although Plaintiff's argument is not a model of clarity, Plaintiff's position appears to be that because "[p]ursuant to Dr. Gowda's opinion" Plaintiff was limited to "a quiet work environment," yet the vocational expert testified that the addition of such a limitation to the other limitations in Plaintiff's RFC would have eliminated Plaintiff's ability to perform past relevant work or a significant number of other jobs in the national economy, it follows that "[t]he case must be remanded to get vocational expert testimony regarding . . . the additional limitation of a quiet work environment." (*Id.*)

This objection lacks merit for the simple reason that Dr. Gowda did not opine that Plaintiff's migraines meant Plaintiff could only work in a "quiet work environment." As noted, in the portion of the opinion form in which Dr. Gowda stated that Plaintiff would have certain limitations arising from her migraines, Dr. Gowda specifically identified the limitations as related to "Extreme heat," "High humidity," "Fumes, odors, dusts, gases," "Perfumes," "Cigarette smoke," "Soldering [unintelligible]," "Solvents/cleaners," and "Chemicals." (R. at 801.) Those limitations don't have anything to do with volume or quietness. Thus, Plaintiff has not demonstrated that the R&R's finding of harmlessness was incorrect.

…

Accordingly,

**IT IS ORDERED** that:

(1)     Plaintiff's objections to the R&R (Doc. 27) are **overruled**.

(2)     The R&R (Doc. 26) is **adopted**.

(3)     The decision of the ALJ is **affirmed**.

(4)     The Clerk shall enter judgment accordingly and terminate this action.

Dated this 25th day of April, 2022.

Dominic W. Lanza
United States District Judge